**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>JOSE ARNALDO RODRIGUES,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>RON DAVIS, Warden,<br><br>    Respondent-Appellee.</td><td>No. 16-17069<br><br>D.C. No. 4:96-cv-01831-CW<br><br>MEMORANDUM[*]</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,[**] District Judge.

Petitioner Jose Arnaldo Rodrigues (Rodrigues) appeals the district court's

denial of his federal habeas petition.

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

It was not unreasonable for the California Supreme Court to summarily deny Rodrigues' claim that he was not competent to stand trial. Rodrigues "can satisfy [28 U.S.C.] § 2254(d)(1) only by showing that there was no reasonable basis for the California Supreme Court's decision" and can satisfy § 2254(d)(2) "only when the state court's determination of the facts was not merely wrong, but objectively unreasonable." *Sanders v. Cullen*, 873 F.3d 778, 793-94 (9th Cir. 2017) (citations and internal quotation marks omitted). During the 1987 proceedings, Rodrigues was able to respond appropriately during court proceedings, and Rodrigues' counsel confirmed that Rodrigues was cooperative. Based on the state court record, Rodrigues is unable to demonstrate that there was no reasonable basis for the California Supreme Court to conclude that Rodrigues was competent to stand trial. *Id.*; *see also Davis v. Woodford*, 384 F.3d 628, 646-47 (9th Cir. 2004), *as amended*.[1]

Rodrigues failed to demonstrate that the California Supreme Court's denial of his ineffective assistance of counsel claim on direct and habeas review was

---

[1] We deny Rodrigues' request for a certificate of appealability on his related claim that the state trial court should have *sua sponte* ordered a competency hearing because Rodrigues fails to demonstrate that "jurists of reason could disagree with the district court's resolution of" his claim based on the trial record. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation omitted).

unreasonable.  "The standards created by *Strickland*[2] and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so . . ." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations and internal quotation marks omitted).  Based on Rodrigues' cooperation, his interactions with the trial court, and counsel's indication that there were no additional concerns regarding Rodrigues' competency beyond his refusal to waive time for the preliminary hearing and authorize release of his records, it was not unreasonable for the California Supreme Court to conclude that Rodrigues' counsel did not render ineffective assistance in failing to seek a competency hearing.  *See Stanley v. Cullen*, 633 F.3d 852, 862-63 (9th Cir. 2011).

The declarations of Dr. James Missett and Dr. R.K. McKinzey, submitted seven years after the 1987 proceedings, do not compel a contrary result.  Dr. Missett's retrospective conclusion that he would have determined that Rodrigues was incompetent to stand trial does not demonstrate that the California Supreme Court's rejection of Rodrigues' ineffective assistance of counsel claim based on the state court record was unreasonable.  *See Deere v. Woodford*, 339 F.3d 1084, 1086 (9th Cir. 2003) (observing that "[b]elated opinions of mental health experts are of dubious probative value and therefore, disfavored") (citation omitted).

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

Although Dr. McKinzey opined that Rodrigues was incompetent because his responses to the state court judge's questions were "non-responsive, tangential non-sequiturs" and Rodrigues was unable to assist in his defense in other troubling aspects, the state trial court's direct interactions with Rodrigues, Rodrigues' conduct during the 1987 proceedings, and Rodrigues' cooperation with counsel lend credence to a contrary conclusion. *See Sanders*, 873 F.3d at 814 ("Under AEDPA, the primary issue is whether the state court adjudication of the *Strickland* claims was objectively reasonable. . . .") (citations, alteration, and internal quotation marks omitted).[3]

The California Supreme Court's summary denial of Rodrigues' juror bias claim was not unreasonable. There are "three forms of juror bias: (1) actual . . . ; (2) implied . . . ; and (3) . . . *McDonough*[4] . . . , which turns on the truthfulness of a juror's responses on voir dire where a truthful response would have provided a valid basis for a challenge for cause." *United States v. Olsen*, 704 F.3d 1172, 1189

---

[3] Because we conclude that the California Supreme Court's rejection of Rodrigues' competency and ineffective of assistance of counsel claims was not unreasonable, Rodrigues was not entitled to an evidentiary hearing. *See Murray v. Schriro*, 882 F.3d 778, 802 (9th Cir. 2018), *as amended* ("[S]o long as we are reviewing a petitioner's claim under [the Antiterrorism and Effective Death Penalty Act], our review is limited to the facts before the state court and the petitioner is not entitled to an evidentiary hearing in federal court.") (citation omitted).

[4] *McDonough Pwr. Equip., Inc. v. Greenwood*, 464 U.S. 548 (1984).

(9th Cir. 2013) (citation and internal quotation marks omitted). On habeas review, Rodrigues is limited to demonstrating actual bias or *McDonough* bias because "[t]here is no clearly established federal law regarding the issue of implied bias." *Hedlund v. Ryan*, 854 F.3d 557, 575 (9th Cir. 2017), *as amended* (citation omitted).

Rodrigues does not demonstrate that the juror was actually biased due to any "pre-set disposition not to decide an issue impartially" based solely on her incorrect answers on the jury questionnaire. *Olsen*, 704 F.3d at 1189. Rodrigues also fails to establish *McDonough* bias because he did not sufficiently develop his claim that the juror's responses to an arguably ambiguous jury questionnaire "would have provided a valid basis for a challenge for cause." *Id.* at 1196 (citation omitted).[5]

**AFFIRMED.**

---

[5] Rodrigues fails to demonstrate that the district court erred in denying additional discovery or an evidentiary hearing. The district court accepted Rodrigues' assertions as true, and denied an evidentiary hearing due to the death of the juror.